U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 DEC -1 PM 3: 02

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DONALD CONNOLLY, )
)
Plaintiff, )
)
v. ) Case No. 2:17-cv-79
)
PHILIP E. ALDERMAN, ALDERMAN )
MOTOR CAR, LLC, and ALDERMAN'S )
AUTOMOBILE CORPORATION, )
)
Defendants. )

# ENTRY ORDER
# GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT
# AND DENYING AS MOOT PLAINTIFF'S CROSS-MOTION
# FOR DEFAULT JUDGMENT
(Docs. 9 & 11)

Plaintiff Donald Connolly brings this action against Defendants Philip Alderman, Alderman Motor Car, LLC, and Alderman's Automobile Corporation (collectively, "Defendants"), alleging Defendants violated the Vermont Fair Employment Practices Act ("VFEPA") by allowing him to be subjected to sexual harassment (Count I); violated the VFEPA by unlawfully retaliating against him (Count II); negligently supervised, trained, and retained employees (Count III); and intentionally inflicted emotional distress on him (Count IV). On July 11, 2017, Plaintiff filed for and obtained a Clerk's entry of default as to all Defendants. Pending before the court are Defendants' motion to set aside the entry of default (Doc. 9) and Plaintiff's cross-motion for a default judgment (Doc. 11). On October 17, 2017, after a hearing on the motions, the court took the matter under advisement.

Plaintiff is represented by John D. Stasny, Esq. Defendants are represented by F. David Harlow, Esq. and Elizabeth K. Rattigan, Esq.

I.      **Factual Background and Procedural History.**

Plaintiff asserts sexual harassment, unlawful retaliation, and hostile employment environment claims arising out of his three-year employment at Defendants' automotive dealerships in Vermont. Plaintiff contends that he was "subjected to regular, graphic descriptions of [a co-worker's] sexual interests and preferred sexual acts; sexual questions about [Plaintiff]; stories about other employees' sex acts; aggressive sexual advances and demands; and other sexual harassment." (Doc. 1 at 1, ¶ 1.)

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and in the proceedings before the EEOC, Defendants retained Littler Mendelson P.C. to represent them. On May 4, 2017, Plaintiff filed the Complaint and his counsel sent waivers of the service of summons to Defendants through Littler Mendelson P.C., who forwarded the waivers to Defendants. On June 5, 2017, Defendant Alderman signed a waiver of service on behalf of Defendant Alderman's Automobile Corporation and returned it to Plaintiff's counsel. Two days later, Plaintiff's counsel mailed Defendant Alderman a letter asking Defendant Alderman to forward the waivers to his attorney if he was represented, and requesting that he sign and return waivers of service for himself personally and on behalf of Defendant Alderman Motor Car, LLC by June 16, 2017.

Defendant Alderman called Plaintiff's attorney upon receipt of the letter in the mistaken belief that Plaintiff's attorney was retained by Defendants' insurance company to represent him. He communicated to Plaintiff's attorney his belief that the allegations set forth in the Complaint were false. After discovering that he was speaking with Plaintiff's attorney, Defendant Alderman credibly represents that he believed that his only obligation was to sign and return the waivers of service.

Defendants' Answer was due on July 5, 2017, but they neither filed an Answer nor requested an extension of time to do so. On July 11, 2017, Plaintiff sought and obtained a clerk's entry of default as to all Defendants. Plaintiff's counsel sent Defendant Alderman a copy of Plaintiff's motion for entry of default on July 11, 2017. On July 19, 2017, Defendants retained counsel who filed a notice of appearance on Defendants'

2

behalf and who attempted to obtain consent from Plaintiff's counsel to set aside the entry of default and allow Defendants time to respond to the Complaint. Two days later, on July 21, 2017, Defendants' counsel filed the motion to set aside the entry of default when consent was not forthcoming. (Doc. 9.) On August 4, 2017, Plaintiff filed his cross-motion for a default judgment. (Doc. 11.) In his cross-motion, Plaintiff concedes that he does not seek a sum certain.

## II. Conclusions of Law and Analysis.

Defendants seek to vacate the entry of default pursuant to Federal Rule of Civil Procedure 55(c). Although Plaintiff concedes that he has not suffered significant prejudice, he contends Defendants' default was willful and they lack meritorious defenses to his VFEPA claims. Defendants counter that their failure to answer in a timely manner was inadvertent, de minimis, and that they have meritorious defenses to Plaintiff's claims.

A "court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). In determining whether good cause exists, the Second Circuit has directed courts to examine three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Because there is a "strong preference for resolving disputes on the merits[,]" *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted), the Rule 55(c) standard is "lenient[.]" *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). Accordingly, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

To establish a claim under VFEPA for sexual harassment and a hostile employment environment, a plaintiff must first "prove that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997) (internal quotation marks omitted). "Second, the plaintiff must show that a specific basis exists for imputing the conduct that created the hostile environment to the

employer." *Id.* "[A]n employer will be liable if the plaintiff demonstrates that the employer either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it." *Id.* (internal quotation marks omitted).

To establish a prima facie case of retaliatory discrimination under VFEPA, a plaintiff must show that "(1) she engaged in a protected activity; (2) her employer was aware of that activity; (3) she suffered adverse employment decisions; and (4) there was a causal connection between the protected activity and the adverse employment action." *Robertson v. Mylan Labs., Inc.*, 2004 VT 15, ¶ 42, 176 Vt. 356, 376, 848 A.2d 310, 327-28. Once a plaintiff establishes a prime facie case of retaliation, an employer must "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *Hodgdon v. Mt. Mansfield Co.*, 624 A.2d 1122, 1127 (Vt. 1992) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Here, all three factors support setting aside the clerk's entry of default. Willfulness may be found where there is "evidence of bad faith," or the default arose "from egregious or deliberate conduct." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 60, 61 (2d Cir. 1996). Defendants' conduct in this case was not willful because willfulness "requires 'something more than mere negligence,' such as 'egregious or deliberate conduct,' although 'the degree of negligence in precipitating a default is a relevant factor to be considered.'" *Green*, 420 F.3d at 108. "Under the lenient standard of Rule 55(c), the [c]ourt must resolve any doubt about defendants' willfulness in favor of the defendants." *Flanagan v. Modern Concrete Corp.*, 2008 WL 2559377, at *3 (E.D.N.Y. June 23, 2008). In this case, although there was negligence, there is no evidence of bad faith and Plaintiff makes no claim to the contrary. *See Am. All. Ins. Co.*, 92 F.3d at 61 (concluding defendant's failure to answer due to a filing mistake by a clerk, "though grossly negligent, . . . was not willful, deliberate, or evidence of bad faith"); *see also Aetna Life Ins. Co. v. Licht*, 2004 WL 2009410, at *3 (S.D.N.Y. Sept. 7, 2004) (concluding that "the conduct of [defendant] and his attorney was . . . careless, but it was not so egregious as to warrant a finding of willfulness").

4

Second, Defendants have demonstrated that they may present a meritorious defense to Plaintiff's VFEPA claims because they contend it is undisputed that Plaintiff was terminated for poor performance. If they can establish Plaintiff's poor performance, they may be able to establish a legitimate business purpose for any adverse employment action. In addition, Defendants assert that they can establish that they had a written sexual harassment policy which Plaintiff failed to follow and that they were unaware of the alleged harassment. *See Hiramoto v. Goddard Coll. Corp.*, 184 F. Supp. 3d 84, 99-100 (D. Vt. Apr. 22, 2016) (granting defendant's motion for summary judgment on plaintiff's retaliation claim where plaintiff set forth "no evidence that . . . Defendant was aware of that activity"). "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *S.E.C. v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998) (citation and internal quotations omitted); *Vedder Price P.C. v. US Capital Partners, LLC*, 2017 WL 4180021, at *4 (S.D.N.Y. Sept. 20, 2017) ("The [c]ourt need not draw any definitive conclusions about the persuasiveness of this putative defense—that Defendants have 'present[ed] some evidence' supporting a meritorious defense is sufficient to justify vacatur.") (alteration in original). Here, Defendants have satisfied the requirement of proffering some evidence that they may be able to establish a complete defense.

Third and most importantly, Plaintiff will not suffer undue prejudice if the court allows this case to proceed. "Some delay is inevitable when a motion to vacate a default . . . is granted; thus, 'delay alone is not a sufficient basis for establishing prejudice[,]'" and "[s]omething more is needed." *Green*, 420 F.3d at 110 (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). "[I]t must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Davis*, 713 F.2d at 916. At oral argument, Plaintiff conceded that he had not and will not suffer undue prejudice because of a relatively short delay in Defendants' filing of an Answer.

5

"Prior to the issuance of a default judgment under Rule 55(b), there must be an entry of default pursuant to Rule 55(a)." *Tarbell v. Jacobs*, 856 F. Supp. 101, 104 (N.D.N.Y. 1994) (citing 10 Charles A. Wright & Arthur R. Miller, Fed. Practice and Procedure § 2682 (1983)). "[B]ecause an entry of default is a necessary prerequisite" to issuance of a default judgment, Plaintiff's cross-motion for default judgment is DENIED AS MOOT. *Id.*

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to set aside the entry of default (Doc. 9) and DENIES Plaintiff's cross-motion for default judgment AS MOOT (Doc. 11).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 1st day of December, 2017.

Christina Reiss, Chief Judge
United States District Court