U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 MAR -1 PM 4: 05

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DONALD CONNOLLY, )
)
Plaintiff, )
)
v. ) Case No. 2:17-cv-79
)
PHILIP E. ALDERMAN, ALDERMAN )
MOTOR CAR, LLC, and ALDERMAN'S )
AUTOMOBILE CORPORATION, )
)
Defendants. )

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
COUNT III OF THE COMPLAINT**
(Doc. 24)

On May 4, 2017, Plaintiff Donald Connolly initiated this sexual harassment and retaliation action against Defendants Philip Alderman, Alderman Motor Car, LLC, and Alderman's Automobile Corporation (collectively, "Defendants"). In Count III of his Complaint, Plaintiff alleges that Defendants negligently supervised, trained, and retained employees. On December 4, 2017, Defendants filed a motion to dismiss Count III, arguing that Plaintiff's claim is barred by the exclusivity provision of the Vermont Workers' Compensation Act (the "VWCA"), 21 V.S.A. § 622, and preempted by the Vermont Fair Employment Practices Act, 21 V.S.A. §§ 495-496a (the "VFEPA"). (Doc. 24.) On January 2, 2018, Plaintiff opposed the motion. On January 16, 2018, Defendants filed their reply, at which time the court took the matter under advisement.

Plaintiff is represented by John D. Stasny, Esq. Defendants are represented by F. David Harlow, Esq. and Elizabeth K. Rattigan, Esq.

**I.     Factual Background and Procedural History.**

The following facts are derived from the allegations in Plaintiff's Complaint. Plaintiff was employed at Defendants' automotive dealerships in Vermont for approximately three years. Plaintiff states that "[u]pon information and belief, each

Defendant has at all relevant times been an 'employer,' as defined by 21 V.S.A. § 495d." (Doc. 1 at 3, ¶ 12.) During that time, Plaintiff contends that he was "subjected . . . to regular, graphic descriptions of [a co-worker's] sexual interests and preferred sexual acts; sexual questions about [Plaintiff]; stories about other employees' sex acts; aggressive sexual advances and demands; and other sexual harassment." *Id.* at 1, ¶ 1. He further alleges that he informed his supervisor at Alderman Toyota, Robert Atkinson, both orally and in writing, about his co-worker's conduct in or about March of 2014 and requested assistance. Plaintiff claims that Mr. Atkinson warned him not to directly complain to Mr. Alderman or his employment may be terminated. On May 16, 2014, after receiving a promotion, Plaintiff was transferred from Alderman Toyota to Alderman Kia. Despite the transfer, Plaintiff alleges that his co-worker "continued to harass [him] with sexual remarks and messages" and that Mr. Alderman failed to prevent it. *Id.* at 6, ¶ 37.

In Counts I and II, Plaintiff alleges Defendants' conduct violated the VFEPA. In Count III, Plaintiff contends that, "[u]nder Vermont common law," Defendants owed him a duty to use reasonable care to avoid harming him, as well as a duty to anticipate and guard against "'human traits' of their employees which, unregulated, are likely to harm others." *Id.* at 9, ¶¶ 65-66. He alleges that Defendants negligently failed to properly train employees and managers to appropriately report and respond to allegations of workplace sexual harassment. He further alleges Defendants negligently retained employees whose conduct they knew or should have known would put other employees at risk, as well as negligently responded to his allegations of sexual harassment.

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

Defendants seek dismissal of Count III pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for which relief may be granted. In adjudicating a motion pursuant to Fed. R. Civ. P. 12(b)(6), the court is "guided by '[t]wo working principles[.]'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alteration in original). First, "a court must accept as true all of the [factual] allegations contained in a complaint[,]" a "tenet" that is,

2

however, "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss[,]" and a claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678-79.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will[] . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Because federal subject matter jurisdiction in this case is based on diversity of citizenship, the court applies the substantive law of Vermont, the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see also Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005) ("In a diversity case we apply the substantive law of the forum state").

### B. Whether the VWCA Preempts Plaintiff's Negligence Claim.

Defendants seek dismissal of Count III, which purports to arise out of "Vermont common law," on the basis of the VWCA's exclusivity provision, which they contend is the exclusive remedy for negligence-based harms in the workplace. (Doc. 1 at 9, ¶ 65.)

The VWCA, which provides compensation to employees who suffer "a personal injury by accident arising out of and in the course of employment by an employer[,]" 21 V.S.A. § 618(a)(1), is an employee's exclusive remedy against his or her statutory employer for work-related injuries:

> the rights and remedies granted by [the VWCA] to an employee on account of a personal injury for which he or she is entitled to compensation under

3

>   the provisions of this chapter shall exclude all other rights and remedies of
>   the employee[] . . . at common law or otherwise on account of such injury.

21 V.S.A. § 622.

Section 622's exclusivity provision "has been given broad effect." *Buote v. Verizon New England*, 190 F. Supp. 2d 693, 705 (D. Vt. 2002); *see also* 21 V.S.A. § 709 ("In construing the provisions of this chapter, the rule of law that statutes in derogation of the common law are to be strictly construed shall not be applied."). "Absent an exception to the general rule, the Vermont Workers' Compensation Act prohibits an employee from suing his employer in tort for a workplace accident." *Stamp Tech, Inc. ex rel. Blair v. Ludall/Thermal Acoustical, Inc.*, 2009 VT 91, ¶ 25, 186 Vt. 369, 381, 987 A.2d 292, 299 n.3. "The general rule, which provides an exclusive remedy for injured employees, reflects a deliberate legislative balancing of interests; the employee receives compensation for his workplace injuries without regard to fault, and the employer receives, in return, limited liability." *Id.* (citing *Kittell v. Vt. Weatherboard, Inc.*, 417 A.2d 926, 926 (Vt. 1980)); *see also Garger v. Desroches*, 2009 VT 37, ¶ 4, 185 Vt. 634, 635, 974 A.2d 597, 599 ("The [VWCA] allows employees to receive workers' compensation for injuries sustained while working, but prevents them from bringing negligence claims against their employer for the injuries").

As Defendants observe, the VWCA's exclusivity provision applies only to injuries arising out of the "common law[.]" 21 V.S.A. § 622. Indeed, "[n]othing short of a specific intent to injure falls outside the scope of the [VWCA]." *Kittell*, 417 A.2d at 927; *see also Dunham v. Chase*, 674 A.2d 1279, 1281 (Vt. 1996) (recognizing "the [VWCA's] exclusivity provision bars any claim against an employer short of intentional injury").[1] To the extent that Plaintiff relies on cases addressing the question of whether statutory discrimination claims are preempted by 21 V.S.A. § 622, those cases are inapposite. *See, e.g., Gallipo v. City of Rutland*, 789 A.2d 942, 952 (Vt. 2001) (holding "that VFEPA actions are not subject to the exclusive remedy provision of the WCA, 21 V.S.A.

---

[1] Defendants note that, at this time, they do not seek dismissal of Plaintiff's VFEPA claims or his intentional infliction of emotional distress claims, both of which allege intentional conduct.

4

§ 622."). While Plaintiff is correct that the *Gallipo* court "did not reach the issue of whether common law claims arising out of the same facts as VFEPA claims would . . . fall outside the scope of § 622," (Doc. 25 at 3), the Vermont Supreme Court has held in other analogous contexts that a plaintiff may not bring a common law negligence claim where the VWCA applies. *See Candido v. Polymers, Inc.*, 687 A.2d 476, 480 (Vt. 1996) (concluding a statutory employer under the VWCA was "immune from common-law liability under § 622").

Viewing the allegations in the light most favorable to Plaintiff, Count III fails to plausibly allege conduct that is not preempted by § 622 of the VWCA. Although dismissal of Count III is warranted on this basis alone, the court nevertheless considers whether the VFEPA acts as a bar to Plaintiff's requested relief in Count III.

### C. Whether Plaintiff's Negligence Claim is Subsumed by the VFEPA.

Defendants assert that the VFEPA preempts Plaintiff's common law claims of negligent supervision, training, and retention of employees. Under Vermont law:

> A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless[] . . . in the employment of improper persons or instrumentalities in work involving risk of harm to others[;] in the supervision of the activity; or . . . in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

RESTATEMENT (SECOND) OF AGENCY § 213 (1958) (quoted in *Haverly v. Kaytec, Inc.*, 738 A.2d 86, 91 (Vt. 1999)). The VFEPA prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against any employee because the employee . . . has opposed any act or practice that is prohibited under" the VFEPA. 21 V.S.A. § 495(a)(8). The VFEPA further prohibits sexual harassment in the workplace. *See* 21 V.S.A. § 495h.

"Anti-discrimination rights are creations of constitution and statute, and were unknown at common law." *Decker v. Vt. Educ. Television, Inc.*, 13 F. Supp. 2d 569, 573 (D. Vt. 1998). "It is a general rule of construction in Vermont that where a statute confers a remedy unknown to common law, and prescribes the mode of enforcing it, that mode alone can be resorted to." *Winney v. Ransom & Hastings, Inc.*, 542 A.2d 269, 270

5

(Vt. 1988) (internal quotation marks and alteration omitted). To the extent that Plaintiff's common law claims in Count III are based upon assertions of retaliatory discharge and workplace sexual harassment, they are preempted by the VFEPA, which provides a statutory remedy for such conduct. *See Haverly*, 738 A.2d at 91 (concluding common law claim for negligent supervision was "subsumed" by the Vermont Occupational Safety and Health Act ("VOSHA") where "the wrongful act underlying the claim of negligent supervision [was] discrimination and retaliation resulting in constructive discharge[]" and alleged "the same claim of discrimination as set forth in" plaintiff's VOSHA claim). On this alternative basis, dismissal of Count III is also warranted.

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss Count III of the Complaint (Doc. 24).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 1st day of March, 2018.

Christina Reiss, District Judge
United States District Court