U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 SEP 18 PM 12: 03

CLERK
BY  (handwritten)
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DONALD CONNOLLY,

    Plaintiff,

v.

PHILIP E. ALDERMAN, ALDERMAN
MOTOR CAR, LLC, and ALDERMAN'S
AUTOMOBILE CORPORATION,

    Defendants.

Case No. 2:17-cv-79

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO COMPEL OVERDUE DISCOVERY RESPONSES AND FOR SANCTIONS**
(Doc. 45)

This matter is before the court on a motion to compel overdue discovery responses and a motion for sanctions filed on July 6, 2018 by Defendants Alderman Motor Car, LLC, Alderman's Automobile Corporation, and Philip E. Alderman (collectively, "Defendants"). (Doc. 45.) Defendants ask the court to compel Plaintiff Donald Connolly to respond to Defendants' First Set of Interrogatories and Requests to Produce (the "Discovery Requests"). Defendants further seek an award of attorney's fees incurred in filing their motion to compel. In the event Plaintiff fails to comply with Defendants' Discovery Requests, Defendants request that Plaintiff "be sanctioned . . . by dismissal of the action or, at minimum, entry of an Order that would prohibit Plaintiff from using or entering into evidence any documents responsive to the Discovery Requests[.]" (Doc. 45 at 2.)

On July 20, 2018, Plaintiff opposed the motions, asserting that he provided timely responses in accordance with an agreed upon extension. On July 27, 2018, Defendants filed their reply, at which time the court took the pending motions under advisement.

Plaintiff is represented by John D. Stasny, Esq. Defendants are represented by F. David Harlow, Esq. and Elizabeth K. Rattigan, Esq.

I.   **Factual Background and Procedural History.**

On May 4, 2017, Plaintiff filed this action against Defendants, alleging claims of sexual harassment, a hostile work environment, retaliation under Vermont's Fair Employment Practices Act ("VFEPA"), and intentional infliction of emotional distress. He seeks compensatory damages for the stroke he suffered after leaving his employment with Defendants, as well as damages for pain and suffering and severe emotional distress.

Plaintiff was employed at Defendants' automotive dealerships in Vermont for approximately three years, during which time he contends that he was "subjected . . . to regular, graphic descriptions of [coworker Deborah Worchester's] sexual interests and preferred sexual acts; sexual questions about [Plaintiff]; stories about other employees' sex acts; aggressive sexual advances and demands; and other sexual harassment." (Doc. 1 at 1, ¶ 1.) He further alleges that he informed his supervisor at Alderman Toyota, Robert Atkinson, both orally and in writing, about Ms. Worchester's conduct in or about March of 2014 and requested assistance. Plaintiff claims that Mr. Atkinson warned him not to directly complain to Defendant Philip Alderman or his employment may be terminated. On May 16, 2014, after receiving a promotion, Plaintiff was transferred from Alderman Toyota to Alderman Kia. Despite the transfer, Plaintiff alleges that Ms. Worchester "continued to harass [him] with sexual remarks and messages[]" and that Mr. Alderman failed to prevent it. *Id.* at 6, ¶ 37.

In Counts I and II, Plaintiff alleges Defendants' conduct violated the VFEPA. In Count III, Plaintiff contends that, "[u]nder Vermont common law," Defendants owed him a duty to use reasonable care to avoid harming him, as well as a duty to anticipate and guard against "'human traits' of their employees which, unregulated, are likely to harm others." *Id.* at 9, ¶¶ 65-66. He alleges that Defendants negligently failed to properly train employees and managers to appropriately report and respond to allegations of workplace sexual harassment. He further alleges Defendants negligently retained employees whose

2

conduct they knew or should have known would put other employees at risk, as well as negligently responded to his allegations of sexual harassment.

On March 1, 2018, the court granted Defendants' motion to dismiss Count III of Plaintiff's Complaint. On March 19, 2018, the court signed the parties' stipulated discovery schedule. On April 12, 2018, Defendants served their Discovery Requests which contained instructions directing Plaintiff to "answer the following Interrogatories and Requests to Produce, under oath, *within 30 days* pursuant to Federal Rules of Civil Procedure 33 and 34[]" and further stated that "[e]ach Request to Produce shall be responded to with [the] production of documents organized and labeled to correspond to the categories in the request." (Doc. 47 at 1.)

The court granted Plaintiff's unopposed motion to extend the time for his responses to Defendants' Discovery Requests until May 25, 2018. On May 25, 2018, Plaintiff served unsigned responses to Defendants' Discovery Requests and interposed five general objections. Each of these general objections is waived. *See Cole v. AADCO Med. Inc.*, Case No. 2:15-cv-200 (Doc. 86 at 8) ("Without supporting affidavits or evidence explaining the burden, a general objection constitutes a waiver"); *Sullivan v. StratMar Sys., Inc.*, 276 F.R.D. 17, 20 (D. Conn. 2011) (granting motion to compel when responding party merely "intone[d] [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad") (alterations in original and internal quotation marks omitted); *Klein v. AIG Trading Grp., Inc.*, 228 F.R.D. 418, 424 (D. Conn. 2005) (ruling that the objecting party must state "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive") (alterations in original and internal quotation marks omitted).

Plaintiff responded to Interrogatories 1-9 with a reasonable degree of completion. With regard to Interrogatories 10-15, however, he provided the following responses:

> 10. Describe all mental or emotional injuries you have suffered as a result of the incidents that are the subject of the claims in this lawsuit, and identify each physician or trained person who has rendered assistance or treatment; and, described the assistance or treatment with dates.

3

**Response:** **I have been diagnosed with PTSD, anti-social personality disorder, anxiety, and depression. I started seeing a counselor in December 2014, and I started seeing a psychiatrist shortly thereafter. In the spring of 2017, I discontinued counseling and psychiatric therapy due to insufficient funds. I remain on medication for anxiety and depression. See also Plaintiff's health records.**

11. Do you claim to have suffered any physical injury as a result of the incidents which are the subject of this lawsuit? If so, please:
    a. Describe the injury and the date of the injury;
    b. Identify each physician or trained person who has rendered assistance or treatment; and
    c. Describe the assistance or treatment with dates.

**Response:** **I suffered a stroke in September, 2014.**

12. For any mental, emotional or physical injuries described in response to Interrogatories Nos. 10 and 11 above, please:
    a. State each diagnosis made by a physician or a trained person of any physical, mental, emotional or nervous injury caused by the incidents which form the basis of this action;
    b. Identify the person making each diagnosis;
    c. Identify the documents (if any) in which each diagnosis is set forth;
    d. State each prognosis (including but not limited to estimates of disability made by a physician or trained person regarding physical, mental, emotional or nervous injury allegedly caused by the incidents which are the subject of this action; and
    e. Identify the person making each prognosis.

**Response:** **See Plaintiff's health records.**

13. Please identify every other mental, emotional and nervous illness, disorder, or deficit existing before or after the incidents that are the subject of this lawsuit, for which a physician or other trained person has rendered treatment, or has recommended treatment, and:
    a. Describe the illness, disorder or deficit;
    b. Give the approximate date of the injury and the approximate dates of treatment;
    c. Identify each physician or other trained person who has rendered treatment or recommended treatment with the dates of such treatment or recommendation; and
    d. Describe any treatment.

**Response:** **See Plaintiff's health records.**

> 14. Have you ever been advised by any health care provider, or mental health or emotional counselor that you have a substance abuse problem? Identify any treatment you have received for substance abuse.
>
> **Response: See Plaintiff's health records.**

(Doc. 45-2 at 7-9.)

With regard to Defendants' document requests, Plaintiff responded to requests 1-8 and 10-13, 16-17, 19, 20, 22, and 25 as follows: "Plaintiff will produce documents in his possession, custody or control."[1] However, Plaintiff only produced his medical records which had previously been produced in conjunction with his Initial Disclosures and from which several pages were missing.

Plaintiff represents that on July 3, 2018, prior to the filing of Defendants' motion, he executed "authorizations in order to obtain his tax returns from the IRS, disability and unemployment records from agencies for the states of New York and Vermont, records from the Social Security Administration, and non-privileged records from his legal counsel in New York who represented him in connection with disability benefits." (Doc. 46 at 2.) Plaintiff, however, did not mail the authorizations to third parties until July 10, 2018, after the pending motion was filed. He further represents that responsive electronic communications and postings will require a "very onerous, manual review[.]" *Id.* at 3. Finally, he states that he has produced an additional 321 pages, however, Defendants assert that those pages do not contain the harassing communications that Plaintiff claims he received from Ms. Worchester.

Defendants move to compel complete responses to their Discovery Requests and, in particular, asks the court to compel Plaintiff to respond to the following document requests to which Plaintiff has objected:

> 18. Any and all diaries, journals, calendars, or similar documents or recordings which relate to the period during which Plaintiff alleges that he

---

[1] With regard to document requests numbers 8 and 20 which asked for transcripts or summaries of recordings in Plaintiff's possession or control relating to his claims in this matter and all witness statements notes related to his claim, Plaintiff raised work product and privilege objections but did not produce a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A)(ii).

5

was unlawfully terminated, discriminated against, or which related to the period of Plaintiff's employment with Defendant.

**Response: Plaintiff objects on the ground that this request is not limited by subject matter and therefore exceeds the scope of discovery. Subject to the foregoing, Plaintiff will produce documents in his possession, custody or control that related to Plaintiff's claims in this lawsuit.**

23. Any and all postings, communications or activity by Plaintiff of any kind on Facebook or other social media account that 1) in any way reveal, relate, refer to any emotion, feeling or mental state of Plaintiff from April 2012 to present; 2) that disclose to multiple people any information (including photos) relating to Plaintiff's sexual preferences, sexual desires, sexual interests or sexual activity; 3) that reference or relate to Defendants or the events alleged in the Complaint; and 4) that constitute or relate to photographs or videos uploaded by Plaintiff or third parties depicting the Plaintiff or his activities between June 2012 and the present.

**Response: Plaintiff objects on the ground that this request is overbroad, seeks information not relevant to this case as defined for purposes of discovery, seeks categories of material not limited by subject matter, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, Plaintiff will produce documents in his possession, custody, and control that relate to his claims in this case.**

(Doc. 45-2 at 14-16.)

In opposing Defendants' motion to compel, Plaintiff concedes that some documents responsive to requests numbers 18 and 20 should be produced, but argues that the requests remain overbroad, unclear, and outside the scope of discovery unless specifically confined to issues relevant to this case.

Defendants' counsel conferred with Plaintiff's counsel in good faith, granted extensions, and urged full compliance so that Defendants would have answers to interrogatories and responsive documents in time for Plaintiff's deposition. At no time during these communications did Plaintiff apparently raise a concern that Defendants had failed to specify a time and place for the production of documents. Plaintiff, however, is prepared to continue to work with Defendants and states that he understands his obligation to provide responses to the majority of Defendants' Discovery Requests.

6

## II. Conclusions of Law and Analysis.

### A. Whether Plaintiff Must Respond to Defendants' Discovery Requests.

Defendants contend that "Plaintiff has not provided documents in response to the Discovery Requests, the original deadline for which . . . has long since lapsed." (Doc. 45 at 1.) Defendants further assert that Plaintiff's responses, provided on May 25, 2018, were "roughshod, incomplete, and unsigned by the Plaintiff[,]" and they were not "organized and labeled to correspond to the categories in the request as required by Rule 34(b)(2)(E)(i)." *Id.* at 4 (alterations and internal quotation marks omitted). Defendants seek a date certain for Plaintiff's responses and the sanction of dismissal or the exclusion of responsive evidence in trial that was not produced including "text messages or other electronic communications between Plaintiff and his alleged 'harasser,' Debbie Worchester." *Id.* at 2. Although Plaintiff claims some confusion regarding when documents were required to be produced, the court does not credit this assertion because Defendants' discovery requests identified the production date and Plaintiff affirmatively sought an extension of that deadline without alerting the court to any confusion. Moreover, the court ordered responses by a date certain.

Rule 26 of the Federal Rules of Civil Procedure provides for the discovery of relevant, nonprivileged information, which "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rule 26 is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Pursuant to Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). In addition, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5).

While "[a] responding party may generally produce documents in the format of their choice[,]" *Melian Labs Inc. v. Triology LLC*, 2014 WL 4386439, at *2 (N.D. Cal. Sept. 4, 2014), Rule 34 permits a party seeking electronically stored information to specify the form of production and request the underlying metadata. *See* Fed. R. Civ. P.

7

34(b)(1)(C) (stating that a request for discovery permitted under Rule 26(b) "may specify the form in which electronically stored information is to be produced").

Plaintiff is required by the applicable rules to provide signed responses under oath to Defendants' interrogatories to which Plaintiff has not objected. These signed responses must be complete and served no later than October 3, 2018. Plaintiff is warned that failure to respond in full by this deadline may result in the imposition of sanctions in addition to those imposed by this Order up to and including preclusion of evidence and dismissal of this action.

### B. Whether Defendants are Entitled to Complete Responses to Requests to Produce Numbers 18 and 23.

Fed. R. Civ. P. 26(b)(1) requires the court to ensure that the discovery requests are proportional to disputed issues. Courts are directed to consider "the importance of the issue at stake in the action, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendants assert that Plaintiff is obligated to provide complete responses to Discovery Requests numbers 18 and 23, despite Plaintiff's objections to this discovery as overly broad and exceeding the scope of discovery. Courts, however, generally agree that discovery related to harassment claims and emotional distress may target not only the period in which the relevant acts took place but also their reasonable aftermath. As one court observed:

> It would be unfair . . . to permit a plaintiff claiming emotional distress to block discovery of facts that may shed important light on whether any emotional distress actually was suffered, whether any emotional distress that did occur had a serious impact on the plaintiff's life, and whether any emotional distress was attributable, either in whole or in part, to circumstances other than the alleged conduct of the defendant.

*Zakrzewska v. New School*, 2008 WL 126594, at *2 (S.D.N.Y. Jan. 7, 2008). It is, moreover, "reasonable to expect severe emotional or mental injury to manifest itself in some . . . content, and an examination of that content might reveal whether the onset

8

occurred, when, and the degree of distress." *E.E.O.C. v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 435 (S.D. Ind. 2010); *see also Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 223 (S.D.N.Y. 1994) (citations and footnote omitted) (ruling that "since plaintiffs seek to prove that they have suffered emotional distress as a result of the sexual harassment through their testimony and the testimony of their therapists, defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related."). Courts have thus found social media, diaries, and journals generally discoverable provided that they are relevant to a plaintiff's claims. *See, e.g., Brown v. City of Ferguson*, 2017 WL 386544, at *1 (E.D. Mo. Jan. 27, 2017) (observing that "generally, social media content is neither privileged nor protected by a right of privacy"); *Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, 293 F.R.D. 112, 114 (E.D.N.Y. 2013) (observing that "the fact that Defendant is seeking social networking information as opposed to traditional discovery materials does not change the [c]ourt's analysis"); *Robinson v. Jones Lang LaSalle Ams., Inc.*, 2012 WL 3763545, at *1 (D. Ore. Aug. 29, 2012) (concluding that there is "no principled reason to articulate different standards for the discoverability of communications through email, text message, or social media platforms.").

As this court has observed, however, "unfettered access to [Plaintiff's] Facebook account is [not] warranted 'simply because Plaintiff has a claim for emotional distress damages.'" *Lewis v. Bellows Falls Congregation of Jehovah's Witnesses*, 2016 WL 589867, at *2 (D. Vt. Feb. 11, 2016) (quoting *Giacchetto*, 293 F.R.D. at 116) (ruling that the plaintiff must produce social media that contains "any specific references to the emotional distress she claims she suffered or treatment she received in connection with the incidents underlying her Amended Complaint[,]" "postings on social networking websites that refer to an alternative potential stressor[,]" as well as "[p]ostings or photographs on social networking websites that reflect physical capabilities inconsistent with [the] plaintiff's claimed injury"); *see also Pappillion v. Hyosung Motors Am., Inc.*, 2008 WL 11335185, at *4 (N.D. Ga. Jan. 14, 2008) ("While defendants may be entitled

9

to discover some of plaintiff's e-mails, they have not shown any reason that they should be granted unrestricted access to plaintiff's entire personal e-mail account during the specified time period. Allowing defendants this unrestricted access would permit defendants to engage in a fishing expedition.") (footnote omitted).

Here, with a few exceptions, Defendants have generally limited document requests numbers 18 and 23 to a specific time period and subject matter directly relevant to Plaintiff's claims. For example, if Plaintiff, while complaining of sexual harassment, is engaged in similar behavior or demonstrates an insensitivity to such behavior, his social media accounts, journals, and diaries may reflect that fact. They may also reveal Plaintiff's contemporaneous reaction to the sexual harassment he alleges he endured. Finally, calendars, documents, and recordings which relate to the period during which Plaintiff alleges he was unlawfully terminated, discriminated against, or which relate to that portion of Plaintiff's employment are within the scope of discovery as these documents may either establish or fail to establish a factual context for his claims.

Documents related to Plaintiff's sexual orientation and a request for all photographs of Plaintiff's "activities" from 2012 to the present, however, are outside the scope of discovery for two separate reasons. First, Plaintiff's sexual orientation does not determine whether the advances he alleges he received were unwelcome and it invades Plaintiff's privacy in a manner not relevant to his claims. Second, requesting all documents relating to photographs or videos depicting Plaintiff or his activities from June 2012 to the present is both vague and overbroad. The court therefore limits this request to photographs, videos, or documents addressing or reflecting Plaintiff's ability to engage in sports, travel, work, or recreational activities from June 2012 to the present.

Plaintiff is directed to err on the side of production and to act in good faith as the alternative is to provide Defendants with passwords and more unrestricted access to Plaintiff's social media accounts, journals, diaries, and other documents. *See Giacchetto*, 293 F.R.D. at 117 (denying defendant third-party provider access to plaintiff's social networking postings and ordering that "[p]laintiff's counsel—*not [p]laintiff*—make a

determination regarding the relevance of the postings, keeping in mind the broad scope of discovery contemplated under Rule 26").

If there are concerns regarding undue invasion of Plaintiff's privacy or a lack of complete responses, a protective order and an *in camera* inspection should be requested to address them. *See Brown*, 2017 WL 386544, at *1, 2 (noting that "any privacy concerns of Plaintiff[] are ameliorated by the parties' protective order[]" and observing that if defendants did not believe production was complete they could request an "*in camera* review of the information not disclosed."); *Rexford v. Olczak*, 176 F.R.D. 93 (W.D.N.Y. 1997) (conducting an *in camera* review of plaintiff's journal in light of plaintiff's work product objection and concluding portions of journal were not prepared in anticipation of litigation, the journal did not include plaintiff's counsel's "mental impressions, conclusions, opinions, or legal theories[,]" and that "discovery of the diary in its entirety" was warranted because "plaintiff's contemporaneous account of meetings, conversations and other events central to the issues in this case provided relevant evidence that may be useful for impeachment or other trial preparation purposes.") (internal quotation marks omitted).

### C. Whether Plaintiff's Untimely Response to the Discovery Requests Warrants Dismissal of the Action.

"If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may . . . dismiss[] the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). The sanction of dismissal is appropriate only in "extreme situations," such as "when a court finds willfulness, bad faith, or any fault on the part of the" non-compliant party. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)) (internal quotation marks omitted). The court considers the following factors in evaluating whether dismissal is warranted: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *World Wide Polymers,*

*Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (internal quotation marks omitted).

In this case, although Plaintiff's noncompliance was willful and the period of noncompliance was inexcusable, the extreme sanction of dismissal is not warranted. Plaintiff has not acted in bad faith[2] and represents that he is willing to continue to work with Defendants' counsel. While the degree of prejudice to Defendants is substantial, the consequences to Plaintiff of dismissal are far greater and border on the draconian. Lesser sanctions will appropriately address the untimely response to the Discovery Requests, remedy the prejudice to Defendants, and still allow Plaintiff to have his claims considered on their merits. *See Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996) (stating that "[t]he remedy [of dismissal] is pungent, rarely used, and conclusive. A district judge should employ it only when he is sure of the impotence of lesser sanctions.") (internal quotation marks omitted) (alteration in original). For the foregoing reasons, Defendants' motion to dismiss the action or exclude evidence as a Rule 37 sanction is DENIED WITHOUT PREJUDICE.

### D. Whether Defendants are Entitled to Costs Occasioned by Plaintiff's Untimely Response to the Discovery Requests.

Pursuant to Rule 37, "[i]n addition to or instead of [the sanction of preclusion], the court, on motion and after giving an opportunity to be heard[] . . . may order payment of the reasonable expenses, including attorney's fees, caused by" a party's untimely disclosure. Fed. R. Civ. P. 37(c)(1)(A). This court "has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37, and its ruling will be reversed only if it constitutes an abuse of discretion." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). In exercising its discretion, "the court may draw upon its first hand familiarity with all the pertinent circumstances of the particular case." *Mayo-Coleman v. Am. Sugar Holding, Inc.*, 2016 WL 7378767, at *1 (S.D.N.Y. Nov. 16, 2016) (internal quotation marks omitted).

---

[2] The court agrees, however, that Plaintiff's assertion that he was unaware of the deadline for production is not factually accurate.

12

In seeking an award of costs occasioned by Plaintiff's failure to comply with discovery deadlines, Defendants contend that "Plaintiff has needlessly increased litigation costs by refusing to produce documents or even offer a date by which document disclosure will occur[,]" and they request "an assessment of fees" incurred as a result of the filing of the pending motion. (Doc. 45 at 10.) The court agrees that this is a reasonable sanction in the facts and circumstances of this case. Obtaining an extension and then responding with unsigned and wholly inadequate responses frustrates the administration of justice, *see* Fed. R. Civ. P. 1, and the purposes of discovery. Plaintiff shall therefore pay the reasonable costs of Defendants' motion to compel after Defendants file an affidavit documenting those costs and the court determines whether they are reasonable and whether they should be apportioned. *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion [to compel] is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.").

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART AND DENIES IN PART Defendants' motions to compel overdue discovery responses and for sanctions (Doc. 45). Plaintiff shall serve complete responses to Interrogatories 10-15 on or before October 3, 2018 and provided responses signed under oath. Plaintiff shall respond to Defendants' document requests on or before October 19, 2018, however, Plaintiff's responses to documents requests 18-23 shall be required consistent with this Opinion and Order.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 18th day of September, 2018.

Christina Reiss, District Judge
United States District Court

13